O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNICOLORS, INC., a California Corporation,<br><br>       Plaintiff,<br><br>vs.<br><br>THE WET SEAL, INC., ET AL.,<br><br>       Defendants. | Case No.: SACV 12-1065-DOC(JCx)<br><br>ORDER ON PLAINTIFF'S AND DEFENDANTS' MOTIONS AND CROSS MOTIONS FOR SUMMARY JUDGMENT |

Before the Court are two motions: (1) a Motion for Partial Summary Judgment as to Liability for Copyright Infringement and Judgment on the Counterclaim (Dkt. 56) filed by Plaintiff Unicolors, Inc. ("Plaintiff"); and (2) a Motion for Summary Judgment (Dkt. 55) filed by Defendants Hi-Fashion Group, LLC, Boscov's Department Store, LLC, NY Collection, Notations, Inc., and Macy's, Inc. (collectively, "Defendants").  Oral

arguments were presented to the Court on May 6, 2013. After considering all moving papers and oral arguments, the Court DENIES Plaintiff's motion and DENIES Defendants' motion.

## I. Background

This is a copyright infringement case. Plaintiff Unicolors produces original printed designs on fabric and sells fabric bearing those prints to its customers, who in turn make and sell garments for retailers. Pl's Statement of Uncontroverted Facts ("PSUF") (Dkt. 56-17) ¶ 1. Defendant Notations, Inc. ("Notations"), has been a customer of Plaintiff's since 2002. *Id.* ¶ 5. Defendant NY Collection is a branch of Notations, with its "ny collections" label appearing on garments produced by Notations. Declaration of Nader Pazirandeh ("Pazirandeh Decl.") ¶ 12. Defendant Hi-Fashion Group, LLC ("Hi-Fashion"), is a competitor of Plaintiff's, in that it also creates fabric designs and sells them to garment manufacturers. Def's Separate Statement of Uncontroverted Facts ("DSUF") (Dkt. 55-2) ¶¶ 3-4. Defendants Boscov's Department Store, LLC ("Boscov's"), and Macy's, Inc. ("Macy's"), are retailers. PSUF ¶ 12.[1]

### a. Plaintiff's CE169 design

The copyright at issue in this case is Unicolors design number CE169, made up of a distinctive pattern of floral concentric circles with feather-shaped accents. According to Plaintff, CE169 was created in-house at Unicolors by its employee Jin Young Suh and the Unicolors team, basing their design on original artwork bought from an Italian design firm, Blue Studio. *Id.* ¶6. Blue Studio represented in writing to Plaintiff that the artwork was original and not copied. *Id.* ¶7. Blue Studio transferred all rights in the design to

---

[1] Prior to the issuance of this Order, several other named defendants were dismissed from this action after settlements were reached with Plaintiff: The Wet Seal, Inc.; Poetry Corporation, Inc.; Tharanco Dress Group LLC; and The Dress Barn, LLC. *See* December 6, 2012, Minute Order (Dkt. 50) (dismissing The Wet Seal, Inc., and Poetry Corporation, Inc.); May 3, 2013, Minute Order (Dkt. 67) (dismissing Tharanco Dress Group LLC and The Dress Barn, LLC). In addition, Ascena Retail Group, Inc., was dismissed by Plaintiff prior to filing an answer on July 26, 2012. *See* Dismissal (Dkt. 8).

Plaintiff on November 8, 2007. *Id.* ¶8. The final version of the CE169 design was registered with the Copyright Office by Plaintiff on December 14, 2007. *Id.* ¶10, Ex. 1.

Plaintiff first sold fabric bearing the CE169 design to one of its customers in December of 2007, and continued to sell CE169 fabric up to at least 2011. *Id.* ¶15. In total, Plaintiff has sold tens of thousands of yards of CE169 fabric in a variety of colors to customers across the United States, including a number of customers in New York, where Defendants Notations and Hi-Fashion are located. *Id.* ¶ 16. Indeed, Plaintiff sold directly to Defendant Notations: on July 1, 2008, Notations bought four yards of CE169 fabric in a blue color scheme and four yards in a fuchsia color scheme. *Id.* ¶ 11 (receipt of sale).

In 2012, Plaintiff found garments manufactured by Notations available for sale at Boscov's and Macy's, along with other retails stores, that Plaintiff claims feature an unauthorized copy of CE169. Pl's Mot. at 3; *see* PSUF ¶ 12 Ex. 7. Plaintiff has submitted evidence depicting the CE169 fabric alongside the allegedly infringing design, and Plaintiff argues that the two designs are impermissibly similar when viewed from afar and from up close, pointing out what it alleges to be unique visual elements that appear in both. *See* Pl's Mot. at 11-15 (comparing photographs).

### b. Hi-Fashion's design

The garments at issue bear a design that Defendant Hi-Fashion sold to Defendant Notations beginning in November of 2011. PSUF ¶ 17. Defendant Hi-Fashion, however, claims to have independently created this design. Hi-Fashion submits declarations claiming that, during the summer of 2007, one of its employees first came up with the design, known to Hi-Fashion as BRISAS-KY9065, as part of a series of designs based on Native American culture featuring bird feather features. DSUF ¶¶ 6-8, 24. Hi-Fashion executive Bill Carey[2] claims that the inspiration for that collection came from a

---

[2] Late on May 3, 2013, just days before the hearing on these motions, Plaintiff submitted an Ex Parte Application (Dkt. 65) requesting leave to supplement its filings with new testimony from Bill Carey obtained at an April 25, 2013, deposition. Plaintiff argues that Mr. Carey's deposition testimony "call[s] into question many of the statements in his declarations, and many of the exhibits attached thereto." Pl's

number of images of bird feathers used in Native American rituals that he found in books in the New York Public Library. *Id*. ¶¶ 7-8, 15.

Hi-Fashion submits declarations claiming that, on June 7, 2007, months before Plaintiff bought its original design from Blue Studio, a Hi-Fashion employee created the original BRISAS-KY9065 design using paints on paper. *Id.* ¶ 10. It also submits a "Pattern History" form allegedly created on June 7, 2007, labeled "Native American Feather Bustle Design" and featuring an image that it claims to be a portion of BRISAS-KY9065. *Id.* ¶ 11; Decl. of William Carey Ex. 1. Hi-Fashion submits declarations claiming that, pursuant to Hi-Fashion procedure, the design was then distributed to Hi-Fashion showrooms in New York, Los Angeles, San Francisco, and Dallas for the purposes of marketing it and offering it for sale to Hi-Fashion customers. *Id.* ¶ 13. At that point, in 2007, there was no copyright on BRISAS-KY9065.

According to Defendants, the design remained unused for three years, and it wasn't until 2010 that Hi-Fashion decided to include BRISAS-KY9065 in one of its lines. *Id.* ¶ 24. Finally, in March of 2010, it submitted a copyright application to the United States Copyright office, and it was issued Copyright Registration No. V Au 1-016-814. *Id.* ¶¶ 25-26. Hi-Fashion's copyright registration lists "2007" as the "Year of Completion," since Hi-Fashion referenced the "Pattern History" form dated June 7, 2007, in its application. *See id.*

### c. The present lawsuit

On June 29, 2012, Plaintiff filed a complaint in this Court for copyright infringement and vicarious and/or contributor copyright infringement pursuant to the Copyright Act of 1976, 17 U.S.C. § 101 *et seq. See* Compl. (Dkt. 1). Hi-Fashion Group

---

Ex Parte at 4. While the Court notes that this new evidence may prove probative at trial, this 11th hour filing cannot be slipped in at the last moment to supplement Plaintiff's summary judgment motion, particularly in light of the fact that Plaintiff apparently waited a full week after deposing Mr. Carey on April 25, 2013, before filing its "emergency" Ex Parte. The Court does not find good cause to grant Plaintiff's request, and so DENIES it.

filed an Intervenor Complaint and Counterclaims (Dkt. 44) on October 15, 2012, seeking a declaratory judgment that it did not infringe Plaintiff's copyright, and further seeking an infringement judgment against Plaintiff and a declaration of the invalidity of Plaintiff's copyright. *See* Intervenor Compl.

On April 8, 2013, each party filed motions for summary judgment. Oral arguments were presented to the Court on May 6, 2013.

## II. Legal Standard

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1992); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove the other party's case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). When the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out that the non-moving party has failed to present any genuine issue of material fact. *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990).

Once the moving party meets its burden, the opposing party must set out specific facts showing a genuine issue for trial; merely relying on allegations or denials in its own pleading is insufficient. *See Anderson,* 477 U.S. at 248-49. A party cannot create a genuine issue of material fact simply by making assertions in its legal papers. *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1982). Rather, there must be specific, admissible evidence identifying the basis for the dispute. *Id.* The Supreme Court has held that "[t]he mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for [the opposing party]." *Anderson*, 477 U.S. at 252. A court is

1 "not required to comb the record to find some reason to deny a motion for summary
2 judgment." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir.
3 2001).

### III. Discussion

#### a. Plaintiff's Motion for Partial Summary Judgment as to Defendants' Liability

To establish copyright infringement, a plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012), *as amended on denial of reh'g and reh'g en banc* (June 13, 2012) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991)).

#### i. Ownership

The ownership element of a copyright "breaks down into the following constituent parts:" (1) authorship, and (2) copyrightability of the subject matter. 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright,* § 13.01[A] (2005). The parties do not dispute copyrightability. Regarding the other required element, a certificate of registration constitutes prima facie evidence of ownership, *i.e.,* authorship. 17 U.S.C. § 410(c); *see also Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1144 (9th Cir. 2003).

Here, Unicolors holds a copyright registration for the CE169 design. However, Defendant Hi-Fashion also holds a copyright registration for its BRISAS-KY9065 design. Because the parties appear to agree that the products at issue are substantially similar, there is an ongoing dispute about which party's registration is valid and who truly authored the design. While Plaintiff has submitted evidence detailing the process of authorship in-house at Unicolors during 2007, following the purchase of an original design from Blue Studio, Defendants have presented their own declarations detailing how Hi-Fashion employees authored the BRISAS-KY9065 design earlier in 2007.

1   Plaintiff attempts to call Defendants' declarations into question by pointing out
2   inconsistencies in Hi-Fashion's account – ranging from the questionable authenticity of
3   the "Pattern History" form that allegedly dates Hi-Fashion's design to June of 2007, to
4   the lack of similarity between the image on that "Pattern History" form and the resulting
5   copyrighted design, to the lack of supporting evidence showing that Hi-Fashion printed
6   its design on fabric at any point before 2010 – but these are questions properly left for the
7   jury.
8   Rule 56 calls for the judge to "determine whether there exists a genuine issue for
9   trial, not to weigh the evidence himself and determine the truth of the matter." *Baxter v.*
10  *MCA, Inc.*, 812 F.2d 421, 424 (9th Cir. 1987) (citing *Anderson v. Liberty Lobby, Inc.*, 477
11  U.S. 242 (1986)). Inferences to be drawn from facts contained in the moving party's
12  papers are to be viewed by the district court in the light most favorable to the non-moving
13  party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). Weighing evidence,
14  determining credibility, and drawing inferences from facts remain jury functions which
15  may not be undertaken by the trial judge. *See Anderson*, 477 U.S. at 254.
16  The Court is not prepared to find that no reasonable trier of fact could believe Hi-
17  Fashion's account of authorship, and so cannot grant summary judgment on the issue of
18  authorship.

19                     **ii.  Copying**

20  Direct evidence of copying is not available in most cases, but a plaintiff "can
21  establish copying by showing (1) that the defendant had access to the plaintiff's work and
22  (2) that the two works are substantially similar." *L.A. Printex*, 676 F.3d at 846 (citing
23  *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir.1996)).

24                            **1.  Access**

25  In order to prove access, the plaintiff generally must show "that the defendant had
26  an opportunity to view or to copy the plaintiff's work." *Meta-Film Assoc., Inc. v. MCA,*
27  *Inc.*, 586 F.Supp. 1346, 1355 (C.D. Cal.1984). To satisfy this standard, a plaintiff must
28  show more than that the defendant had a "bare possibility" of access; rather, the plaintiff

must show that the defendant had a "reasonable possibility" to view the plaintiff's work. *Id.* Typically, circumstantial evidence of access comes in two forms: (1) evidence of a chain of events between plaintiff's work and defendant's access to that work, and (2) evidence that plaintiff's work has been widely disseminated. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000).

Here, Plaintiff offers evidence as to both forms. First, it provides receipts and declarations showing that it sold Defendant Notations eight yards of its CE169 design on July 1, 2008. Defendant Notations has a professional relationship with Defendant Hi-Fashion, and it began producing and distributing the garments bearing Hi-Fashion's allegedly infringing design in 2011. Second, Plaintiff provides undisputed evidence that its work had been widely disseminated: tens of thousands of yards of CE169 fabric had been sold prior to Defendants' production of the allegedly infringing product.

While Defendants do not provide any persuasive evidence rebutting Plaintiff's claims of access prior to 2011, they instead put forth an alternate timeline that dates the creation of the design to June of 2007, prior to Plaintiff's own creation of the CE169 design. If a factfinder were to believe Defendants' version of events, Hi-Fashion would not have had access to Plaintiffs' design prior to its own creation of the original design. There is a genuine issue of material fact here, and so the Court cannot rule as a matter of law on access.

### 2. Substantial Similarity

Summary judgment is "not highly favored" on questions of substantial similarity in copyright cases. *L.A. Printex*, 676 F.3d at 848 (quoting *Shaw v. Lindheim,* 919 F.2d 1353, 1355 (9th Cir.1990); *Narell v. Freeman,* 872 F.2d 907, 909 (9th Cir.1989)). Summary judgment is only appropriate "if the court can conclude, after viewing the evidence and drawing inferences in a manner most favorable to the non-moving party, that no reasonable juror could find substantial similarity of ideas and expression." *Id.* (quoting *Narell,* 872 F.2d at 909–10). "Where reasonable minds could differ on the issue of substantial similarity, however, summary judgment is improper." *Id.*

1 This is an interesting case. Because both Plaintiff and Hi-Fashion are claiming original authorship of the design at issue, the parties have conceded substantial similarity regarding the current copyrighted designs.  However, in arguing that Hi-Fashion's 2010 registration is based on a false and misleading "completion date" of 2007, referencing the "Pattern History" form featuring an image allegedly created by Hi-Fashion in 2007, Plaintiff claims that the 2007 "Pattern History" image and the 2010 copyright (and the infringing garments) are completely *dis*similar.  *See* Pl's Reply at 3-4 (citing Def's Opp'n Exs. 1, 7).

Because the ultimate question of infringement and liability will rest, in part, on a determination of whether or not Hi-Fashion's 2007 "Pattern History" design is the same as (or substantially similar to) its 2010 registered design, the Court finds that this, too, is a determination that must be left to the jury.  Accordingly, it cannot grant summary judgment on the issue of substantial similarity.

### iii.  Disposition

Because there remain genuine issues of material fact as to the elements of Plaintiff's infringement claims, the Court DENIES Plaintiff's Motion for Partial Summary Judgment as to Defendants' Liability.

### b.  Plaintiff's Motion for Partial Summary Judgment as to Hi-Fashion's Counterclaims

Because resolution of the same factual disputes described in Section III(a) of this Order will determine the outcome of Defendant Hi-Fashion's counterclaim of infringement against Plaintiff, the Court must also deny Plaintiff's Motion for Partial Summary Judgment as to Hi-Fashion's counterclaim.  As described above, genuine issues of material fact exist regarding the elements of authorship and copying.  *See supra,* Section III(a).

Hi-Fashion's counterclaim of infringement does suffer from one infirmity that Plaintiff's claim did not.  Defendant-and-counterclaimant Hi-Fashion has failed to offer any evidence suggesting that Plaintiff had access to Hi-Fashion's alleged 2007 design at

any point prior to Plaintiff's own registration and use of it. According to Defendants, Hi-Fashion's painted design stayed in a file at Hi-Fashion's headquarters until the decision was made to include it in a 2010 line of garments. Defendant has offered no explanation of how Plaintiff would have had a reasonable opportunity to view that internal, unpublished item. Similarly, Defendant has stated conclusively that the design was not "widely disseminated" at any point prior to 2010, after Plaintiff had been using its own version of the design for over two years. *Cf. Three Boys Music Corp.*, 212 F.3d at 482.

Access is usually a necessary element of an infringement claim when there is no evidence of direct copying. *See L.A. Printex*, 676 F.3d at 846. In order to prove access, the copyright holder must show that the alleged infringer had a "reasonable possibility" to view the copyright holder's work. *Id.* However, in the absence of any proof of access, a "'striking similarity' between the works may give rise to a permissible inference of copying." *Baxter v. MCA, Inc.*, 812 F.2d 421, 423-24 (9th Cir. 1987) (quoting *Selle v. Gibb,* 741 F.2d 896, 901 (7th Cir.1984)); *see also Three Boys Music Corp.*, 212 F.3d at 485 ("[A] copyright plaintiff can still make out a case of infringement by showing that the songs were "strikingly similar."); *Smith,* 84 F.3d at 1220; *Shultz v. Holmes,* 264 F.2d 942 (9th Cir.1959).

Because both parties concede that the designs are "strikingly similar," *see* Pl's Mot. at 8 ("the offending goods are 'strikingly similar' to the copyrighted works"); Hi-Fashion's Intervenor Compl. ¶ 22 (asserting that the designs are identical), Hi-Fashion's failure to present any evidence on the issue of access is not fatal to its claim.

Accordingly, because genuine issues of material fact exist as to each of the elements of Hi-Fashion's counterclaim of infringement, the Court DENIES Plaintiff's Motion for Partial Summary Judgment as to the counterclaim.

### c. Defendants' Motion for Summary Judgment

Defendants seek summary judgment on the issue of Defendants' alleged copyright infringement and vicarious and/or contributory copyright infringement. Because, as

discussed in the previous two sections of this Order, there are several genuine disputes of material fact, this Motion must be DENIED.

## IV. Disposition

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment is DENIED, and Defendants' Motion for Summary Judgment is also DENIED.

(1) On the issue of Defendants' liability, the Plaintiff's Motion is DENIED.

(2) On the issue of Plaintiff's liability, Plaintiff's Motion is DENIED.

(3) On the issue of Defendants' liability, Defendants' motion is DENIED.

DATED:     May 9, 2013

*David O. Carter*
_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE